Elizabeth W. Lund
Berg Lilly, PC
One West Main Street
Bozeman, Montana 59715-4642
406-587-3181
406-587-3240 (Facsimile)
lund@berglawfirm.com
   *Attorney for Plaintiff*

FILED
5/3/2024
Clerk, U.S. District Court
District of Montana
Billings Division

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION**

| | |
|---|---|
| MOUNTAIN WEST FARM BUREAU MUTUAL INSURANCE COMPANY, <br><br>      Plaintiff, <br><br>vs. <br><br>CLIFFTON OPPEGAARD; LISA OPPEGAARD, and PREMIER BUILDERS MT, LLC, <br><br>      Defendants. | Cause No. CV-24-51-BLG-SPW-TJC <br><br>**COMPLAINT FOR** <br>**DECLARATORY JUDGMENT** |

For its Complaint for Declaratory Judgment, Plaintiff Mountain West Farm Bureau Mutual Insurance Company ("Mountain West") states, avers, and alleges as follows:

//

//

1

## Background

1. This is a declaratory judgment action in which Mountain West respectfully requests the Court to declare Mountain West's obligations with respect to certain named Defendants in this action.

2. Mountain West issued a policy of insurance to the Defendants Lisa and Cliff Oppegaard (collectively the "Oppegaards"), Policy No. CPM27191 (the "Policy").

3. A true and correct copy of the Policy is attached as **Exhibit A**.

4. The Defendants have been named as defendants in a lawsuit titled *Sharah Kay Overstreet v. Premier Builders MT, LLC; Mary Jo Oppegaard, Clifton Oppegaard; and Lisa Oppegaard* pending in the Montana Thirteenth Judicial District Court, Yellowstone County as Cause No. DV-56-2024-0000348- BC (the "Underlying Action").

5. A true and correct copy of the Complaint and Demand for Jury Trial ("Complaint") is attached as **Exhibit B**.

6. Plaintiff Sharah Kay Overstreet ("Overstreet") has brought claims against the Defendants arising out of the Oppegaards' sale of two residential properties located at 3129 and 3131 Falcon Ridge Way, Billings, Montana 59106 (collectively the "Properties").

7.  The Oppegaards and Premier Builders MT, LLC ("Premier") have all demanded that Mountain West provide them with a defense and indemnification with respect to Overstreet's claims in the Underlying Action.

8.  As set forth below, Mountain West respectfully requests this Court declare Mountain West's rights and duties with respect to its obligations to the Defendants.

## Jurisdiction and Venue

9.  This Court has original jurisdiction over this Complaint for Declaratory Judgment pursuant to 28 U.S.C. § 1332 because this is a civil action between citizens of different states and the amount in controversy exceeds $75,000 exclusive of interest and costs.

10.  Mountain West has a good faith basis to believe the amount in controversy exceeds $75,000 exclusive of interest and costs because of the nature and extent of the damages Overstreet has asserted against the Oppegaards in the Underlying Action and for which Mountain West requests this Court determine the Policy does not cover.  Further, Mountain West's expenditures on defense fees in the Underlying Action alone are likely to exceed $75,000.

11.  This Court has personal jurisdiction over each of the Defendants because they are citizens of Montana.

12. Venue is proper in this Court pursuant to L.R. 3.2(b) because one or more of the Defendants reside in Yellowstone County, Montana.

13. Venue in the Billings Division is proper because Yellowstone County is within the Billings Division pursuant to L.R. 1.2(c)(1).

## Parties

14. Mountain West is incorporated under the laws of Wyoming and has a principal place of business in Wyoming. Accordingly, Mountain West qualifies as a citizen of Wyoming.

15. On information and belief, Lisa M. Oppegaard is a resident of Yellowstone County and is a citizen of Montana.

16. On information and belief, Cliffton Oppegaard is a resident of Yellowstone County and is a citizen of Montana.

17. On information and belief, Premier's members are Cliff Oppegaard and Travis Nelson, both of whom reside in Yellowstone County, Montana. Premier therefore qualifies as a citizen of Montana.

18. Thus, Mountain West is diverse from all Defendants for purposes of 28 U.S.C. 1332(a)(1) jurisdiction.

## FACTS

19. Mountain West reincorporates and realleges the allegations contained in the previous paragraphs as though fully realleged and re-set forth herein.

20. Overstreet filed her claims against the Oppegaards, Premier and another defendant on March 27, 2024.

21. Overstreet claims she began renting real property located at 3129 Falcon Ridge Way, Billings, Montana 59106 (the Property) from the Oppegaards in 2017.

22. She claims the Oppegaards and Premier built the house located on the Property and also the adjoining townhouse located at 3131 Falcon Ridge Way, Billings.

23. Overstreet claims she approached the Oppegaards about purchasing the Properties in 2020 and they accepted her offer.

24. Overstreet asserts she did not obtain a home inspection report because she was led to believe there were no issues with the Properties.

25. Overstreet closed on the Properties on April 30, 2021.

26. Overstreet asserts that after closing, Billings experienced a hailstorm necessitating the replacement of gutters and roofing at the Properties.

27. Overstreet contacted the renter of the adjacent residence and asked whether there were any issues with rainwater entering the unit. Overstreet claims the renter informed Overstreet that a corner in the basement bedroom frequently got wet and that the Oppegaards were informed of the issue and had inspected the area, but could not figure out why it was getting wet.

28. Overstreet claims that she hired Josh Leishman to inspect the Properties and that the report prepared by Mr. Leishman identified serious concerns with the discharge of roof drainage next to the foundation of the Properties. The report also identified settling throughout the Properties.

29. Overstreet claims that in July of 2022, there was water intrusion into the basement of the adjoining residence and Overstreet began noticing various cracks beginning to develop and doors began not to latch or bind.

30. Overstreet claims she noticed separation between the deck column and base in September of 2022.

31. Overstreet hired Dynamic Analysis, who performed an in-depth inspection of the Properties in March of 2023. Overstreet claims that through the Dynamic Analysis report, she learned the Properties were experiencing significant differential settlement, that there had been water intrusion, and that the Properties required full underpinning and lifting to restore the structural integrity and stability of the foundation. The report also provided that the drywall had been patched in several areas prior to Overstreet's purchase of the Properties and that the Properties had also previously flooded.

32. Overstreet asserts the flooding and cracking was known to the Oppegaards when they owned the Properties but that they did not disclose any issues with the Properties before Overstreet closed on them.

33. Overstreet claims that instead, the Oppegaards represented that there were no material issues with the Properties and that an inspection was unnecessary.

34. Overstreet claims she relied on the Oppegaards' representations when purchasing the Properties. She claims the representations were false.

35. The Defendants tendered their defense to Mountain West pre-suit and Mountain West provided the Defendants with a defense pursuant to a reservation of rights letter dated October 16, 2023.

36. Overstreet subsequently brought claims for breach of contract, breach of the covenant of good faith and fair dealing, negligence, negligent representation, and constructive fraud against the Oppegaards. She brought a claim for negligence against Premier. She claims entitlement to general and specific damages, treble damages, attorney's fees, costs of suit, and pre- and post-judgment interest against the Defendants.

37. Once the Underlying Action was filed, Mountain West re-confirmed that it would defend under a reservation of rights and also sent updated reservation of rights letters to the Oppegaards and Premier based on the allegations in the Complaint.

38. A true and correct copy of the April 22, 2024 reservation of rights letter sent to the Oppegaards is attached as **Exhibit C**.

39. A true and correct copy of the May 2, 2024 reservation of rights letter sent to Premier is attached as **Exhibit D**.

### The Terms & Conditions of the Policy
### Preclusion of Coverage: Coverage F (Liability)

40. Mountain West restates and realleges its allegations in the previous paragraphs as though fully set forth and reincorporated herein.

41. The Policy extends Liability Coverage to the extent the allegations and damages in the Underlying Action qualify for coverage under the Policy's insuring agreement under Coverage F (Liability Coverage) and are not precluded by an exclusion.

42. The allegations in the Underlying Action do not qualify for coverage under the Policy's insuring agreement for Coverage F because the damages do not constitute "property damage" or "bodily injury" caused by an "occurrence" as those terms are defined by the Policy. Therefore, the insuring agreement is not triggered and there is no obligation on the part of Mountain West to defend or indemnify the Defendants.

43. Further, the insuring agreement for Coverage F of the Policy requires the "bodily injury" or "property damage" to have occurred during the policy period. Mountain West stopped insuring the Oppegaards on November 19, 2014. Alleged damage to Overstreet could not possibly have occurred back in 2014 as

she did not close on the Properties until approximately seven years later. Therefore, the insuring agreement is not triggered and there is no obligation on the part of Mountain West to defend or indemnify the Defendants.

44. Specifically as to Premier, and in addition to the reasons there is no coverage under the Policy's insuring agreement set forth in the preceding two paragraphs as to all Defendants, Premier does not qualify as an "insured" as that term is defined by the Policy. Therefore, the insuring agreement is not triggered with respect to Premier, and there is no obligation on the part of Mountain West to defend or indemnify Premier.

45. To the extent the allegations made by Overstreet could qualify for coverage under the Policy's insuring agreement for Coverage F, exclusions in the Policy preclude any duty on the part of Mountain West to defend or indemnify the Defendants.

46. Exclusion 6, the "Business" Activities Exclusion precludes coverage because the rental and sale of the Properties constitutes a "business" as that term is defined by the Policy.

47. Exclusion 9, the Contractual Liability Exclusion also precludes any duty on the part of Mountain West to defend or indemnify the Defendants in the Underlying Action because Overstreet's claims arise out of an alleged breach of the parties' agreement to sell the Properties.

48. Exclusion 19, the Intended or Expected Loss Exclusion precludes any duty on the part of Mountain West to defend or indemnify the Defendants in the Underlying Action because, if true, Overstreet has alleged the Defendants' conduct with respect to the disclosures associated with the sale was intentional in nature.

49. Further, the Mountain West Policy excludes coverage for punitive or exemplary damages at Exclusion No. 28. Such damages are also precluded by Montana law (Mont. Code Ann. § 33-15-317). To the extent there is coverage for some of Overstreet's alleged damages, Mountain West seeks a declaration that it has no duty to indemnify the Defendants for punitive or exemplary damages.

50. In sum, Mountain West has no duty to defend or indemnify the Defendants in the Underlying Action under Coverage F of the Policy.

## Count I – Request for Declaratory Relief

51. Mountain West restates and realleges its allegations in the previous paragraphs as though fully set forth and reincorporated herein.

52. Currently, there is a dispute between Mountain West and the Defendants regarding their respective rights and duties with respect to the Policy described above.

53. The foregoing disputes entitle Mountain West to a declaration pursuant to 28 U.S.C. § 2201. These disputes include the following:

    a.    Whether the Policy provides coverage for the claims asserted by Overstreet in the Underlying Action.

    b.    Whether Mountain West has a duty to defend the Defendants in the Underlying Action.

    c.    Whether Mountain West has a duty to indemnify the Defendants in the Underlying Action.

    d.    If Mountain West is determined to have a duty to indemnify the Defendants in the Underlying Action, which claims is Mountain West obligated to indemnify the Defendants for.

    e.    For such other issues as may arise in this action or the Underlying Action.

54.    Mountain West respectfully requests the Court to determine that it has no duty to defend or indemnify the Defendants in the Underlying Action.

55.    Alternatively, to the extent there is determined to be coverage, Mountain West respectfully requests this Court declare what claims asserted in the Underlying Action are covered by the Policy and which Defendants qualify as "insureds" under the Policy.

**Prayer for Relief**

WHEREFORE, Mountain West requests the following relief:

(1) For a declaration that the Policy does not provide coverage for any of the claims asserted against Defendants in the Underlying Action.

(2) In the event the Court determines there is no coverage under the Policy for the claims asserted in the Underlying Action, for a declaration that Mountain West is not obligated to defend the Defendants in the Underlying Action.

(3) In the event that the Court determines some of the of the claims are potentially covered by the Policy, for a declaration that Premier does not qualify as and "insured" under the Policy.

(4) In the event the Court determines some of the claims are potentially covered by the Policy, for a declaration of which claims Mountain West is required to indemnify the Defendants for in the Underlying Action and which Defendants are entitled to such coverage.

(5) For such other declaratory relief as the Court deems just and equitable under the circumstances.

DATED this 3rd day of May, 2024.

BERG LILLY, PC

By /s/ Elizabeth W. Lund
ELIZABETH W. LUND
*Attorney for Plaintiff*